# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | In Proceedings |
| | ) | Under Chapter 13 |
| Betty Johnson, | ) | |
| | ) | BK # 08-40032 |
|     Debtor | ) | |
| | ) | |
| Betty Johnson, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| v. | ) | Adv. No. 08-4068 |
| | ) | |
| Homecomings Financial, LLC, | ) | |
| The Bank of New York Trust | ) | |
| Company, Miller GMAC Realty, | ) | |
| Wanda Lee Miller, Financial | ) | |
| Consolidation and Mortgage | ) | |
| Corporation, Robert Davenport, | ) | |
| Bernice Davenport, and | ) | |
| Amanda Davenport, | ) | |
| | ) | |
|     Defendants. | ) | |

## OPINION

Defendant Wanda Lee Miller d/b/a Caldwell Banker Miller Realty, formerly known as Miller Realty GMAC ("Miller Realty"), has filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). The defendant maintains that the plaintiff's action under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") 815 ILCS 505/2, is barred by the statute of limitations.

On November 5, 2004, debtor/plaintiff Betty Johnson executed a real estate contract for the purchase of a home located at 2139 Hortense, Murphysboro, Illinois. Defendant Miller Realty brokered the sale. Prior to sale, the plaintiff was advised by her real estate agents that the residence needed a new furnace, air conditioner, and windows. However, the plaintiff

subsequently learned that there were latent defects with the property which had not been disclosed by the defendant seller or Miller Realty. For instance, upon moving into the residence, .the plaintiff discovered that there were problems with the home's electrical wiring whereby light bulbs would burn out shortly after being replaced. In addition, in March 2005 the sewer line connecting the home to the municipal sewer system collapsed, leaving the plaintiff with raw sewage in her basement. Despite attempts by the plaintiff to repair the problem, the line is still defective and raw sewage periodically pours into the plaintiff's basement.

The debtor filed her Chapter 13 petition on January 9, 2008. She then brought the instant adversary complaint on July 10, 2008 against Ms. Miller, Miller Realty and numerous other defendants alleging that the defendants misrepresented the condition of the real estate in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. The complaint also alleged that the mortgage documents prepared by the defendants and executed by the plaintiff were riddled with errors and false information. At a hearing on June 9, 2009, the Court granted the defendant's Motion for Judgment on the Pleadings with regard to the "transactional" portion of the plaintiff's complaint, finding that the claims were barred by the statute of limitations. The issue now before the Court is whether the plaintiff's claims with regard to the home's latent defects are similarly barred.

Section 505/10a(e) of the ILCA requires that all actions for damages under the Act be "commenced within 3 years after the cause of action accrued." 815 505/10a(e). For purposes of this section, an action "accrues" when the plaintiff "'knows or reasonable should know of his injury and also knows or reasonably should know that it was wrongfully caused.'" *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 441 (7th Cir. 1994) *quoting College v. Celotex Corp*, 88 Ill.2d 407 (Ill. 1981). There is no dispute that had the debtor not filed bankruptcy in January

2008, the statute of limitations for these claims would have expired in March 2008, prior to the filing of the plaintiff's complaint.[1] However, the plaintiff argues that because her cause of action was viable at the time she filed her Chapter 13 petition, the statute of limitations was extended for a period of two years pursuant to 11 U.S.C. § 108(a).

Section 108(a) of the Bankruptcy Code provides that if a cause of action "has not expired before the date of the filing of the petition, the trustee may commence such action only before the latter of –

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) two years after the order for relief.

11 U.S.C. § 108(a). The question before this Court is whether the powers conferred on the trustee under § 108(a) also extend to a Chapter 13 debtor.

Unlike Chapter 11, where the debtor-in-possession is specifically bestowed with the same rights and powers of a trustee,[2] Chapter 13 confers more limited powers on the debtor. Section 1303 of the Bankruptcy Code grants the Chapter 13 debtor the same rights as a trustee regarding the use, sale and lease of property of the estate.[3] In addition, it is also widely held that a Chapter 13 debtor is entitled to bring suit on behalf of the estate. *Cable v. Ivy Tech State College*, 200

---

[1] Debtor filed her Chapter 13 petition on January 9, 2008.

[2] *See* 11 U.S.C. § 1107.

[3] Section 1303 states: "Subject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(l), of this title. 11 U.S.C. § 1303.

F.3d 467, 473 (7th Cir. 1999) .[4]  However, there is a split of authority as to whether the tolling privileges of § 108 extend to the Chapter 13 debtor.  Based on the express language and purpose of the statute, this Court concludes that they do not.

The plain language of § 108 unequivocally limits the right to extend the statute of limitations to the *trustee*.  It is a basic rule of statutory construction that "when a court has to interpret statutory provisions, it is first necessary to analyze the language of the statute itself.  'If the statutory language is unambiguous, in the absence of clearly expressed legislative intent to the contrary, the language must ordinarily be regarded as conclusive'." *In re Liria Steel & Trading Corp.*, 189 B.R. 418, 422-23 (N.D. Ill. 1995), *quoting Russello v. U.S.*, 464 U.S. 16, 20, 104 S.Ct. 296, 299, 78 L.Ed.2d 17 (1983).  Here, the right to extend the statute of limitations is not one of the debtor's powers expressly enumerated in § 1303, nor is there anything in the legislative history of § 108 that suggests that Congress intended that the right to extend the statute of limitations be given to the debtor. As the Court noted in *Estate of Carr Ex Rel, Carr v. U.S.,*  482 F. Supp. 2d 842 (W.D. Tex. 2007):

> The legislative history to section 108(a) indicates that it was intended to permit the Trustee, when he steps into the debtor's shoes, an extension of time to take action that is required to preserve the debtor's rights.  However, in the context of bankruptcies filed under Chapter 13, the extension offered by section 108(a) is available to Trustees only, and not to Chapter 13 debtors.

*Id.* at 850 *citing* H.R. Rep. no. 95-595, at 318 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5963, 6275. *See also In re Bowen,* 2004 Bankr. LEXIS 356, at *25 (Bankr. N.D. Tex. March

---

[4] The legislative history of § 1303 makes clear that Congress did not intend for the powers enumerated in that section to be an exhaustive list of the debtor's authority.  1214 Cong. Rec. H11, 106 (Sept. 28, 1978) (§1303 "does not imply that the debtor does not also possess other powers concurrently with the trustee.").

29, 2004) ("There is no statutory authority allowing a Chapter 13 debtor to utilize this tolling provision."); *In re Gaskins*, 98 B.R. 320, 330 (Bankr. E.D. Tenn. 1989) ("Section 108(a) specifically extends the time for the bankruptcy Trustee, not for the debtor who is in bankruptcy."); *In re Craig*, 7 B.R. 864, 865-66 (Bankr. E.D. Tenn. 1980) (concluding that § 108(a) was not meant to extend the time for debtors to bring suit); 16 NORTON BANKRUPTCY LAW AND PRACTICE 2d 3 (2002) ("Since a Chapter 13 debtor is not a trustee and is not given the powers of a trustee, the extensions under Code section 108 should not apply to such a debtor even though the action may be beneficial to the estate.").

Despite the express language of the statute, there is a line of cases which have extended the powers of § 108 to the Chapter 13 debtor. These cases focus on the debtor's ability to sue on behalf of the estate and reason that because the Chapter 13 debtor is entitled to bring suit like a trustee, it necessarily follows that the debtor is also entitled to extend the statute of limitations. *McConnell v. K-2 Mortgage*, 390 B.R. 170 (Bankr. W. D. Pa.. 2008); *In re Dawson,* 2008 WL 1700419 (Bankr. Colo., April 9, 2008). For instance, in *O'Connell*, which is the sole case cited by the Plaintiff, the Court permitted the Chapter 13 debtor to use § 108(a) to continue to prosecute a lender liability action where the statute of limitations would have otherwise expired prior to the filing of the debtor's adversary complaint. In so doing, the *O'Connell* court reasoned:

> The power to sue on behalf of property of the estate. . . is vested with the debtor by way of 11 U.S.C. §§ 1303, 363(b), and 323. The debtor, then, is implicitly vested with a trustee's capacity to sue on those causes of action. Thus, the Chapter 13 debtor 'steps into the role of the trustee' and exercises the power of the trustee when suing on behalf of the estate. It would follow then that the extension of time provisions provided to a trustee under 11 U.S.C. § 108(a)

>applies to whomever is exercising the trustee's power to sue, including the Chapter 13 debtor."

*O'Connell* at 180 (citations omitted). There is no question that a Chapter 13 debtor is entitled to sue on behalf of the estate. However, the *O'Connell* court makes an analytical jump that it is not supported by the Bankruptcy Code. This Court cannot assume, based merely on the debtor's right to sue, that the Chapter 13 debtor is then also entitled to toll the statute of limitations, especially in light of the purpose behind § 108.

The purpose of § 108 is to allow the trustee additional time "to discover and evaluate potential causes of action after stepping into the shoes of the debtor." *In re Ranasinghe*, 341 B.R. 556, 567 (Bankr. E.D. Va. 2006), *quoting Bowen*, 2004 Bankr. LEXIS at *20.  A Chapter 13 debtor, by contrast, would not need the additional time to get up to speed on their own cause of action.  As the *Ranasinghe* Court explained:

>While a trustee might need additional time to get a handle on the debtor's affairs and to investigate whether the debtor might have meritorious claims, a debtor's own knowledge of whether he or she has such claims is unaffected by the bankruptcy filing.

*Ranasinghe* at 567.  Affording the debtor the benefit of an extended statute of limitations in this case does nothing to advance the purpose of the statute and in fact, would give the debtor additional time to file suit merely because she filed bankruptcy.

Accordingly, for these reasons, the Court finds that the statute of limitations was not tolled by the filing of the debtor's bankruptcy petition and expired, at the latest, in March 2008. As the plaintiff did not file her complaint until July 10, 2008, the action is time-barred.  The defendant's Motion for Judgment on the Pleadings is GRANTED and judgment is entered in

favor of defendant Wanda Lee Miller d/b/a Caldwell Banker Miller Realty and against the plaintiff on the complaint.

ENTERED: July 29, 2009

                                         /s/ Kenneth J. Meyers
                                  UNITED STATES BANKRUPTCY JUDGE